IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| PAULA A. CORTEZ, Personal Representative for the ESTATE OF CHARLIE JOE CORTEZ,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA<br><br>Defendant. | NO. ___-____-___<br><br>COMPLAINT<br><br>(Federal Tort Claims Act, 28 U.S.C. § 1346(b), negligence) |

PAULA A. CORTEZ, Personal Representative for the ESTATE OF CHARLIE JOE CORTEZ, brings suit against the UNITED STATES OF AMERICA pursuant to the Federal Tort Claims Act ("FTCA"), alleging as follows:

### I.   PARTIES

1. Plaintiff PAULA A. CORTEZ is the Personal Representative for the ESTATE OF CHARLIE JOE CORTEZ, who died on November 17, 2020, while working as an officer for the Tulalip Tribal Police Department.

**2.** Defendant UNITED STATES OF AMERICA is sued for Officer Cortez's death caused by the negligent and wrongful acts and omissions of its employees. Those employees were acting within the scope of their employment under circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the State of Washington. *See* 28 U.S.C. §1346(b).

COMPLAINT - 1

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

## II. JURISDICTION AND VENUE

3. Jurisdiction is conferred upon this Court by 28 U.S.C. §1391(b) and §§ 2671-2680.

4. Venue lies within the District of Washington pursuant to 28 U.S.C. §1391(b) as the claim arose in this U.S. Judicial District.

5. Plaintiff exhausted her administrative remedies by filing Form 95 on September 23, 2021, and mailing it to Assistant Solicitor, Procurement and Patents, Office of the Solicitor, Department of the Interior, Room 6511, 1849 C Street NW, Washington, DC 20240, which the administrative tort claim has not been accepted or denied.

6. Pursuant to 25 U.S.C. § 5321 (formerly cited as 25 U.S.C. § 450(f)) and 25 C.F.R. § 900.204, Plaintiff brings this lawsuit against the United States in lieu of the Tulalip Tribes.

## III. STATEMENT OF FACTS

7. Charlie Joe Cortez, a Tulalip Tribal member, died on November 17, 2020, at the age of 29, leaving behind two children.

8. That evening, Cortez, an officer for the Tulalip Tribal Police Department, responded in his capacity as a tribal police officer to a report of a suspicious vessel in front of Jetty Island. He and boat operator Shawn Edge departed from Tulalip Marina at 7:15 p.m. on Skiff 405, a 24-foot aluminum police boat.

9. Officer Cortez and boat operator Edge arrived at Everett Marina and contacted suspects who appeared to be checking crab pots. They then turned around to return to Tulalip Bay. Officer Cortez was driving Skiff 405, according to Edge.

10. En route, they encountered high waves and wind speeds reached 46 miles per hour, according to the National Weather Service, with higher gusts locally. A gale warning had been issued.

COMPLAINT - 2

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

11. Edge called his father – but not 911 or the United States Coast Guard – to seek advice on how to steer the boat to avoid the waves and to tell him they were in trouble. As they spoke, the deck of the vessel became swamped.

12. At some point, a wave rolled the boat, throwing both men into Possession Sound. Edge and Officer Cortez found each other in the stormy water. Officer Cortez, who was not wearing a life jacket, clung desperately to Edge, who was wearing one. Instead of a life jacket, Officer Cortez wore a 45-pound bullet-proof vest and a 35-pound duty belt.

13. Even if Officer Cortez had been wearing a life jacket, it is not clear it would have been useful. The available life jacket's $CO_2$ cartridge was expired.

14. Neither Officer Cortez nor boat operator Edge possessed GPS equipment.

15. Neither Officer Cortez nor boat operator Edge possessed LED beacons to assist searchers.

16. Somehow, Officer Cortez and Edge managed to find the overturned boat, but a massive wave came and knocked them away from it and each other.

17. At 8:33 p.m. on the evening of November 17, 2020, Officer Cortez's phone lost service. At 8:35 p.m., the vessel altered its course in a western direction, according to the U.S. Coast Guard. At 8:40 p.m., the vessel decreased speed and altered direction in a southern direction, according to the U.S. Coast Guard. The U.S. Coast Guard's track line active log ended at 8:43 p.m.

18. At 8:48 p.m., U.S. Coast Guard Sector Puget Sound received notification of a swamped and capsized Tulalip Tribal Police boat.

19. At 8:50 p.m., Tulalip Police Department Sergeant Kristin Martino was notified that Officer Cortez and Edge had been thrown into the water.

20. At 9:40 p.m., Officer Cortez's parents received a call from a tribal fisherman informing them of what had happened.

COMPLAINT - 3

GALANDA BROADMAN, PLLC
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

21. Edge was rescued at 11:47 p.m., but Officer Cortez was pronounced dead on December 11, 2020. Edge last saw Officer Cortez within thirty minutes of Edge's rescue.

22. The sealed hatch of the Skiff 405's plotter contained no secure digital (SD) card, further hindering the search efforts to find Officer Cortez in the precious hours after he was lost at sea.

23. No entry had been made in Skiff 405's logbook since July 23, 2020 – almost four months before the incident leading to Officer Cortez's death.

IV. **FIRST CAUSE OF ACTION: NEGLIGENCE – VICARIOUS LIABILITY**

24. Plaintiff hereby incorporates all prior allegations by reference.

25. Defendant owed Officer Cortez a duty of reasonable care to protect him from reasonably foreseeable injury. Defendant breached that standard of care.

26. Defendant is vicariously liable for employee conduct because the subject conduct was within the course and scope of employment, in that the subject conduct occurred within the time and space limits authorized by employment with Defendant. Officer Cortez and boat operator Edge were motivated, at least partially, by a purpose to serve Defendant, were performing police duties they were hired to perform, and that conduct resulted in the acts that injured Plaintiff.

27. As a direct and proximate cause of Defendant's negligent conduct, Officer Cortez suffered injuries and death, entitling Plaintiff to damages in an amount to be proven at trial. This harm includes objectively verifiable monetary losses, including, but not limited to loss of earnings. This harm also includes subjective, nonmonetary losses, including, but not limited to pain and suffering.

V. **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this U.S. District Court:

COMPLAINT - 4

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509

A. Enter judgment in favor of Plaintiff and against Defendant for damages in an amount to be determined at trial; and

B. Grant Plaintiff such further and additional relief as this Court may deem just and proper.

DATED this 30th<sup>th</sup> day of September, 2022.

GALANDA BROADMAN, PLLC

_____
Gabriel S. Galanda, WSBA #30331
R. Joseph Sexton, WSBA #38063
8606 35th Avenue NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
Phone: (206) 557-7509
Fax: (206) 299-7690
Email: gabe@galandabroadman.com
Email: joe@galandabroadman.com

Attorneys for Plaintiff

COMPLAINT - 5

**GALANDA BROADMAN, PLLC**
8606 35th Avenue, NE, Ste. L1
Mailing: P.O. Box 15146
Seattle, Washington 98115
(206) 557-7509